UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO, | No. 2:17-cv-0117 KJN P |
| Petitioner, | |
| v. | ORDER |
| COLUSA COUNTY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a). Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). As explained below, this case must be dismissed.

The instant petition was filed on January 18, 2017, and challenges his November 23, 2016 conviction in the Colusa County Superior Court. Federal court records reveal that on January 18, 2017, petitioner filed a federal habeas petition that also challenges the 2016 Colusa County conviction. Azevedo v. People of the State of California, Case No. 2:17-cv-0115 GGH (E.D.

////

////

1

Cal.).[1]  Petitioner is cautioned that all federal challenges to the same conviction must be raised in one federal petition.  See Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (If a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition.).  However, in the earlier-filed petition, petitioner concedes that he is trying to appeal the criminal conviction "now."  Id., ECF No. 1 at 5.

Review of the California Courts Appellate Courts Case Information website confirms that petitioner is pursuing two appeals that remain pending in the Third Appellate District, Case Nos. C083685, C083727.  In both cases, petitioner was appointed counsel on January 20, 2017, and his opening brief is due February 21, 2017.  Id.  The California Supreme Court website reflects no filing on behalf of petitioner.

Because petitioner's criminal appeal remains pending, this court must abstain from addressing the instant petition.  Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971).  Younger abstention is required when 1) state proceedings, judicial in nature, are pending; 2) state proceedings involve important state interests; and 3) the state proceedings afford adequate opportunity to raise the constitutional issue.  See Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982); Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc., 477 U.S. 619, 627 (1986).  "When a case falls within the proscription of Younger, a district court must dismiss the federal action." Fresh Int'l Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1356 (9th Cir. 1986).  In addition, there is no discretion to grant injunctive relief if the case is within the Younger category of cases.  Id. (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 816 n.22 (1976)).

In his earlier-filed federal petition, petitioner concedes his direct appeal of his criminal conviction is pending, and in the instant case, he references his appeal No. C083685, which state

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

court records confirm remains pending. <u>Id.</u> Criminal proceedings, by their very nature, involve important state interests. Petitioner has an adequate opportunity to raise the constitutional issues underlying his conviction in either his habeas case or his direct appeal. Irreparable injury does not exist in such situations if the threat to petitioner's federally protected rights may be eliminated by his appeal of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" <u>Younger</u>, 401 U.S. at 46 (quoting <u>Fenner v. Boykin</u>, 271 U.S. 240, 243-44 (1926)). Petitioner has failed to demonstrate extraordinary circumstances; therefore this petition is barred by the <u>Younger</u> abstention doctrine.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. Petitioner's application for a writ of habeas corpus is dismissed without prejudice; and

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: January 26, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/azev0117.156.younger